James T. WATTS, etc., et al., Petitioners,

v.

PUTNAM COUNTY et al., Respondents.

Supreme Court of Tennessee.

June 30, 1975.

James T. Watts, etc., Charles C. Trabue, Jr., Nashville, Solon Fitzpatrick, Carthage, R. Bruce Draper, William R. Willis, Alfred H. Knight, III, Nashville, for petitioners.

T. Eugene Jared, Aron P. Thompson, Cookeville, for respondents.

## OPINION

HENRY, Justice.

Petitioners seek review in this Court by way of certiorari to the Court of Appeals for the Western Section sitting at Nashville.

We are concerned with the proper construction of Chapter 353 of the Public Acts of 1965, carried forward into Tennessee Code Annotated as Sections 28–314 through 28–318. These sections deal with actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of such deficiency.

Section 28–314 provides in substance that all such actions shall be brought within four years after substantial completion of the improvement.

Section 28–315, provides in substance if an injury to *person or property* occurs during the fourth year after such substantial completion, an action shall be brought within one year after the date on which such injury occurred, and in *all* events *within five (5) years* after the substantial completion.

Section 28–316, provides in substance that nothing in 28–314 to 28–318 shall be construed as *extending the period or periods* provided by the laws of Tennessee for the bringing of any action, nor shall said sections be construed as *creating any cause of action not heretofore existing or recognized.*

Section 28–317 provides in substance and in pertinent part that this limitation shall not be available as a defense to any who shall have been guilty of *fraud .  .  .* or to any person who shall *wrongfully conceal* any such cause of action.

Section 28–318 merely contains definitions.

Any proper understanding and analysis of these statutes must start with the recognition that they are virtually verbatim the Model Code proposed by the American Institute of Architects, the National Society of Professional Engineers, and the Associated General Contractors.[1]

---

1. See M. Cotter, Comment/Limitation of Action Statutes for Architects and Builders—Blueprints for Non-action, 38 Catholic University L.Rev. 361 (1969). This article contains a comprehensive treatment of the background of the Model Code.

Similar statutes were adopted between 1964 and 1969 in some thirty jurisdictions as a result of the activities of these interested associations and following major extensions of their potential liability.[2]

We must, therefore, indulge in the realistic recognition that they were designed to mitigate against liability.

■ It, therefore, follows that their purpose was to provide outer limits of liability (five years as a maximum) as to all potential actions based upon injury to person or property, and without regard to the date of discovery and without distinction between personal injury and property damage.

■ The four-year limitations, as imposed by Sec. 28–314, is but an outer limit or a ceiling. This is not a conventional statute of limitations. Sec. 28–316 makes it clear that these statutes do not extend the "period, or periods provided by the laws of Tennessee . . . for the bringing of any action." This wording effectively says that the limitations imposed by Sec. 28–304 (one-year personal injury) and 28–305 (three-year property damage) are applicable in a limited sense. Sec. 28–314 et seq. are simply superimposed upon existing statutes. Suits for personal injuries and for property damage must be brought within one and three years, respectively, from and after the date of injury or damage, or the date of such injury or damage was discovered or should have been discovered with reasonable care and diligence,[3] subject to the ceiling imposed by Sec. 28–314 et seq.

These statutes (Sec. 28–314 et seq.) are entirely unrelated to the accrual of any cause of action, since they begin to run on the date of substantial completion as opposed to the date of injury or damage.

We should point out that the additional year provided under Sec. 28–315 is merely a grace period designed to guard against the patent injustice of a situation wherein injury or damage occurs or is discovered in the fourth year.

■ These statutes may not be construed to extend any existing statute of limitation, but they must be construed to curtail and limit all other periods to the four-year period, plus one year of grace, in appropriate cases.

■ Judge Matherne, writing for the Court of Appeals in *Leyen v. Dunn*, 62 Tenn.App. 239, 461 S.W.2d 41 (1970), held as follows:

> We conclude the legislative intent was that when a person suffered personal injury, as a result of situations covered by the Act, within four (4) years after substantial completion of the improvement, that person could bring suit for damages thus sustained within one (1) year after the date of injury. 461 S.W.2d at 44.

We approve this holding (relating only to actions for personal injuries) but wish to make it entirely clear that suits for personal injuries continue to be governed by Sec. 28–304, T.C.A., interpreted by the case law of the state and within the framework of the foregoing discussion.

In March 1972, Judge Neese filed his opinion in *City of Kingsport, Tennessee v. SCM Corporation*, 352 F.Supp. 288 (E.D. Tenn.1972), wherein he followed *Leyen*, which applied only to personal injury actions, and surmised that:

> (T)he courts of Tennessee would hold that the limitation of this action is governed by T.C.A. § 28–305, and that a person whose property is damaged, as a result of defective improvement of real estate, within four years of substantial completion of the improvement, has three years from the date of the accrual of his cause of action to bring suit. Id. at 290.

---

2. *Ibid.*

3. See *Teeters v. Currey*, 518 S.W.2d 512 (Tenn.1975); *McCroskey v. Bryant Air Conditioning*, 524 S.W.2d 487 (Tenn.1975).

With utmost deference to Judge Neese, for whose judgment we have profound respect, and for the reasons hereinabove pointed out, we cannot approve or accept this construction.

Judge Wilson touched upon this statute in *Agus v. Future Chattanooga Development Corporation*, 358 F.Supp. 246 (E.D. Tenn.1973). He takes the position that:

(T)he intent of the Tennessee [L]egislature in passing T.C.A. § 28–314 was to insulate contractors, architects, engineers and the like from liability for their defective construction or design of improvements to realty where either the occurrence giving rise to the cause of action or the injury happens more than four years after the substantial completion of the improvement. Id. at 251.

We take note that Judge Wilson holds in *Agus* that where the occurrence or injury giving rise to the cause of action comes more than four years after substantial completion, suit is barred. This conclusion is harsh, but it is demanded under the statutory scheme.

We now analyze the opinion of the Court of Appeals in the instant case, believing that such analysis will further clarify these statutes.

■ We agree with the majority holding that Sec. 28–314 et seq., are special and limited in scope, whereas Sec. 28–305 applies generally to property damage actions; and that applicable special statutes prevail over general statutes.

■ We further agree that there is no vested right in a statute of limitation unless and until the cause or action has accrued and expired. *McCroskey v. Bryant Air Conditioning, supra*; and that until the statute has run, it is remedial in nature and applies to a cause of action existing prior to its enactment. We, therefore, agree that Sec. 28–314 et seq., are applicable to this case. We do not overlook the concluding sentence of Sec. 28–316, wherein it is provided that "(s)aid sections shall not affect rights accrued, liabilities incurred or duties imposed prior to May 5, 1965." [4] The Watts contract was entered into on January 27, 1964, but no tort action rights accrued and no liabilities were incurred until after May 5, 1965. The parties concede that the Watts project was substantially completed in 1966. Final payment was made on February 28, 1967.

■ We agree that these statutes contain no distinction between personal injury and property damage and that the legislature intended that they apply equally and uniformly to such actions, but, of course, each is to be governed by its own statutory period of limitation.

We agree that the legislature "intended that architects, engineers, etc. not be subject to lawsuits for the reasons contemplated by the Act except for these injuries which occur within four years after substantial completion, and such lawsuits must be brought in any event not later than five years after substantial completion of the improvement."

4. This language was added by amendment No. 3, in the House of Representatives. See House Journal, 1965, page 654. The author of this opinion has listened with interest to the debate in the House of Representatives through the taped transcription on file in the State Library and Archives. In connection with this amendment the following comment was made by the House sponsor:

Mr. Speaker, ladies and gentlemen, the purpose of this act would probably be to shorten the statute of limitations from six to four years. Now there is a possibility that when this bill passes there will be some people whose cause of action is in the fifth or sixth year and the effect of this bill will be to cut off their right of action. This amendment provides that any—that the bill when passed will apply only to rights, duties and liabilities accruing after the passage of the bill and will prevent the cutting off of any causes of action now in existence. I move the passage of the amendment.

Thus it will be seen that the legislative purpose and intent was to prevent an existing cause of action from being cut off by retrospective application.

We do not agree with the majority opinion's observation that:

(I)t would be inconsistent to allow a person three years to bring his lawsuit when the injury to property occurred during the first, second and third years after substantial completions of the improvement, but allow only one year when the injury occurred during the fourth year.

This holding represents a faulty construction of the statute. Laying aside the question of discovery, the following tabulation indicates the meaning and intent of the law:

| If Property Damage Occurs Within: | Suit Must Be Filed No Later Than— |
| --- | --- |
| First year | Three years after Date of Damage |
| Second year | End of fourth year (up to a maximum of 2 years and 364 days) |
| Third year | End of fourth year (up to maximum of 1 year and 364 days) |
| Fourth year | End of fifth year |
| Fifth year | Statute has run |

This may be an inconsistent, inequitable and undesirable [5] law, but it represents the clear legislative intent.

Again, we disagree with the following holding:

We therefore conclude that when a person suffers damage to property, real or personal, as a result of situations covered by the 1965 Act, within four years after substantial completion of the improvement to the realty, that a person may bring a lawsuit for damages thus sustained within one year after the date of the injury or damage to the property.

This operates to abridge Sec. 28–305. While Sec. 28–314 does not extend any other periods, it does not curtail or shorten them except to the extent that they may not exceed the ceiling established by 28–314 et seq.

The majority opinion continues:

We further hold the 1965 Act allows a four year period within which any unknown deficiencies which exist in the improvement may be discovered, and upon the discovery of those deficiencies within that period of time, the lawsuit for resulting damage may be brought within one year after the deficiency was discovered, or reasonably should have been discovered.

We disagree. There is no occasion to apply the one year statute to property damage actions. The only possible date upon which a one year limitation could be imposed upon a property damage action would be in the event of damage occurring on the last day of the fourth year following substantial completion. The ceiling imposed by these statutes operates to reduce the limitations of Sec. 28–305, in appropriate cases, from a maximum of three years to a minimum of one year and one day. And again, Sec. 28–314 et seq., per se, permit of the application of no discovery exceptions. They are fixed and absolute.

A simple approach to the application of Sec. 28–314 et seq., to personal injury and property damage actions would be to first determine whether the appropriate statute (28–304 or 28–305) has run.[6] If either has expired, the lawsuit may not be brought. If the appropriate period has not expired, plaintiff should look to Sec. 28–314 et seq. If four years since the date of substantial completion has expired, absent fraud or wrongful concealment, the lawsuit may not be brought unless the cause of

---

5. These laws have been widely and severely criticized. See 38 Catholic University L.Rev. 361, *supra*; G. Smith, Recent Statutory Developments Concerning the Limitations of Actions Against Architects, Engineers and Builders, 60 Kentucky L.J. 462 (1972); J. Percival, Legislation; Oklahoma's Statute Limiting Actions against Designers and Builders of Improvements to Real Property, 27 Oklahoma L.Rev. 723 (1974).

6. These statutes run from the date of injury or its discovery. *Teeters v. Currie, supra; McCroskey v. Bryant Air Conditioning, supra.*

action arose in the fourth year after completion.

We agree that the trial judge erred in his charge to the jury that:

Plaintiffs would have a period of four years from the time the cause of action was discovered, or might have been discovered by the exercise of due diligence, in which to file their lawsuit.

This would have been a correct charge had he substituted three years, for four years; omitted the discovery at this point; and further qualified the charge by advising the jury that in no event could the suit have been instituted more than four years after substantial completion, unless the injury occurred in the fourth year, in which event suit must have been filed within five years after substantial completion. And, of course, other matters, should be charged, to include the discovery rule of *McCroskey*, as it applies to Sec. 28–305.

▆▆▆ We agree that Sec. 28–317 does not operate to toll the statute in the event of fraud or wrongful concealment. It merely provides that the limitation of Sec. 28–314 et seq., may not be asserted under these conditions. In legal effect, fraud or wrongful concealment obliterate the statute and the suit is wholly governed by Sec. 28–305.

▆▆▆ With respect to the petitioner, Watts, the Court of Appeals held that the lawsuit was filed more than five years after substantial completion, and "was not filed within the time allowed by the statute, T.C.A. 28–314 through 28–318." On the surface this is correct. Therefore, the suit was barred as to Watts unless, but only unless, Sec. 28–314 et seq. was rendered inoperative as a result of fraud or wrongful concealment. The existence of either was for the jury to determine under proper instructions. We agree with the Court of Appeals that correct instructions were not given.

The jury should have been charged fully and correctly on fraud and wrongful concealment. Absent a finding that either existed, plaintiffs' suit must fail. The jury should have been so instructed. Thereafter, it should have been instructed that if they found Watts to be guilty of fraud or wrongful concealment, Sec. 28–305 would apply and that to sustain such action the jury would have to find as a fact that suit was brought within three years after substantial defects in the building were discovered or should have been discovered by the exercise of reasonable care and diligence.

We agree that the issues of fraud and concealment were not properly submitted to the jury, and this operates to vitiate its verdict and forces a new trial.

We agree with the Court of Appeals that basically it is the concealment of the cause of action that tolls the statute of limitation, and that the jury should have been charged fully and completely on the elements of concealment.

We should make it clear that at this juncture we are talking about fraud and concealment which might toll Sec. 28–305, as opposed to fraud and wrongful concealment as specified in Sec. 28–317 which renders 28–314 et seq. inoperative. We do not necessarily hold that there is a difference, but a distinction should be made.

We have prepared this opinion, with some elaboration, for the guidance of the trial judge on retrial and because the lack of a comprehensive and definitive opinion construing Sec. 28–314 et seq., T.C.A. has prompted numerous appeals or applications for certiorari now pending before this Court, and further because of similar suits now pending determination in the trial courts.

We do not necessarily agree philosophically with the results we reach. We can only construe the statute as it is, not as we think it ought to be.

We note with concern the recent tendency of special interest groups to promote the passage of particularized statutes of limita-

tions in the area of tort law. We do not impugn the motives of any such group, but we are concerned with the fundamental fairness involved in the imposition of differing periods of limitation on different individuals and groups. For example, Tennessee now has a three-year statute of limitations on medical malpractice, a four-year statute governing malpractice actions against architects, and a one-year statute governing actions against lawyers; all complicated by the fact that the discovery rule no longer applies to medical malpractice actions but does apply against architects and attorneys. All of this points to the urgency of the need for a comprehensive revision of all statutes of limitations in Tennessee to the end that uniform periods of limitation be established and applied.

The petition for the writ of certiorari is denied.

FONES, C. J., and COOPER and BROCK, JJ., concur.

HARBISON, J., not participating.