Jon William HARPER et al., Plaintiffs,

v.

HOLIDAY INNS, INC. et al.,
Defendants.

No. CIV–4–77–20.

United States District Court,
E. D. Tennessee,
Winchester Division.

Jan. 18, 1978.

On Motion to Amend Complaint
Jan. 31, 1978.

See also, D.C., 498 F.Supp. 913 and 498 F.Supp. 914.

J. D. Lee, Madisonville, Tenn., for plaintiffs.

John D. McMahan, Fred M. Milligan, Chattanooga, Tenn., and John M. McCord, Tullahoma, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action for money damages for the wrongful death of the plaintiffs' decedent. 28 U.S.C. § 1332(a)(1), (c). The defendant Holiday Inns, Inc. (Holiday) moved for a summary judgment on the ground that the plaintiffs' claim against it is barred by the statute of limitations. Rule 56(b), Federal Rules of Civil Procedure. The plaintiffs submitted a timely brief opposing such motion. The motion has merit.

▪ Since this Court's jurisdiction herein has been invoked under the diverse citizenship of the parties and the requisite amount in controversy, the Court must look to the law of Tennessee, including such jurisdiction's conflict-of-law rules. *Boat-land, Inc. v. Brunswick Corp.*, C.A. 6th (1977), 558 F.2d 818, 821 [1]. It is averred in the complaint herein that the wrongs complained of occurred in the state of Tennessee, so that state's substantive law must govern. *Telecommunications, E. S. & S. Co. v. Southern T. S. Co.*, C.A. 6th (1975), 518 F.2d 392, 394 [4]; *Winters v. Maxey* (Tenn., 1972), 481 S.W.2d 755, 756 [1]. Under the law of Tennessee the applicable statute of limitation "* * * will be determined according to the gravamen of the complaint. * * *" *Vance v. Schulder* (Tenn., 1977), 547 S.W.2d 927, 931 [2].

The only pertinent allegation in the complaint herein concerning the defendant Holiday is that it, along with its codefendants Monteagle Holiday Inns, Inc. and Grundy County Motel Association, were negligent in the operation and maintenance of their joint premises at Monteagle, Tennessee, "* * * in that they *constructed or allowed to be constructed* [emphases added] for ingress and egress to their facilities' entrances and exits which constituted a hazardous condition. * * *"

It is provided that "* * * [a]ll actions to recover damages * * * [for wrongful death arising out of] * * * any deficiency in the design, planning, supervision, observation of construction, [or] construction of * * * an improvement to real property * * * shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, [or] construction of * * * such an improvement within four (4) years after substantial completion of such an improvement. * * *" T.C.A. § 28–314. The gravamen of the plaintiffs' complaint clearly brings their claim against Holiday within the language of this statute. Furthermore, the uncontroverted affidavit of Mr. Alex Carayiannis, director of Holiday's construction division, established that such defendant (through its construction division) was the prime contractor of the building and erection of the premises involved herein, and that such construction was substantially completed on November 18, 1965, the date such facility first opened for busi-

ness. This action was commenced on May 25, 1977.

■ T.C.A. § 28–314 operates " * * * without regard to the date of discovery [of an injury or damage] and without distinction between personal injury and property damage." *Watts v. Putnam County* (Tenn., 1975), 525 S.W.2d 488, 491 [1]. Such is " * * * entirely unrelated to the accrual of any cause of action, since [it] begin[s] to run on the date of substantial completion as opposed to the date of injury or damage." *Ibid.*, 525 S.W.2d at 491 [2]. Thus, it allows a claim to be barred before the actual injury has occurred and consequently before any cause of action has accrued. " * * * This conclusion is harsh, but it is demanded under the statutory scheme." *Ibid.*, 525 S.W.2d at 492 [4].

■ Applying the test suggested by Mr. (now Chief) Justice Henry in *Watts, supra,* this Court first looks to the statutory period prescribed in T.C.A. § 28–304.[1] The plaintiffs' claim against Holiday, now being barred thereby, reference must next be made to T.C.A. § 28–314,[2] and, " * * * [i]f four years since the date of substantial completion has expired, absent fraud or wrongful concealment, the lawsuit may not be brought unless the cause of action arose in the fourth year after completion. * * * " *Ibid.*, 525 S.W.2d at 493–494 [10]. The aforementioned affidavit having established that 4 years since the date of substantial completion had expired at the time this action was commenced, the plaintiffs not having pleaded any fraud or wrongful concealment,[3] and their cause of action not having arisen in the 4th year after completion, their claim against this defendant is barred. *Idem.*

The plaintiffs argue (by brief) that T.C.A. § 28–314 " * * * should not apply to [Holiday] because of the substantial control which [it] has over [its aforementioned co-defendants] and the continuing fiduciary relationship which exists between them. * * * " The plaintiffs cite no authority in support of such contention, and the Court is not aware of any such exception to the plain provisions of T.C.A. § 28–314.

■ This Court " * * * cannot insert in the statute of limitations an exception which the statute does not contain. * * * " *McIver v. Ragan* (1816), 15 U.S. (2 Wheat.) 25, 4 L.Ed. 175, 177. " * * * It is not the Courts which make the exception. * * * " *Peak v. Buck* (1873), 62 Tenn. (3 Baxt.) 71, 73. A party, seeking the benefit of a rule in avoidance of a statute of limitation, has the burden of proof to establish such exception, and ' " * * * [a]ll presumptions are against him, since his claim is against the current of the law and is founded on exceptions. * * * " *Akron Presform Mold Company v. McNeil Corporation*, C.A. 6th (1974), 496 F.2d 230, 233 [4], certiorari denied (1974), 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270. The plaintiffs have failed to meet that burden.

There being no genuine issue of material fact extant between the plaintiffs and the defendant Holiday, and the latter being entitled to a judgment as a matter of law, since the plaintiffs' claim against it is barred by the applicable statute of limitations, T.C.A. § 28–314, its motion therefor hereby is

GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will

---

1. " * * * Actions * * * for injuries to the person [including actions for wrongful death] * * * shall be commenced within one (1) year after [the] cause of action has accrued. * * * " T.C.A. § 28–304.

2. The plaintiffs' contention that this action is governed only by T.C.A. § 28–304 is unpersuasive. " * * * [A]pplicable special statutes [of limitation] prevail over general statutes [of limitation]." *Watts v. Putnam County, supra,* 525 S.W.2d at 492 [4]. T.C.A. § 28–314 is such a special statute and takes precedence over the general statute, T.C.A. § 28–304, although ref-

erence must be made to both such statutes in determining whether a particular claim is barred. *Ibid.*, 525 S.W.2d at 492 [4], 493–494 [10].

3. In order to have relied upon any such exception to the statute of limitations, the plaintiffs were required to " * * * plead the circumstances giving rise to it with particularity. * * * " *Dayco Corp. v. Goodyear Tire & Rubber Co.,* C.A. 6th (1975), 523 F.2d 389, 394 [7].

enter that the plaintiffs take nothing herein from the defendant Holiday Inns, Inc. Rule 58(1), Federal Rules of Civil Procedure.

## ON MOTION TO AMEND COMPLAINT

The plaintiffs moved the Court to be allowed to amend their complaint herein in several particulars. Rule 15(a), Federal Rules of Civil Procedure. The defendants Louisville & Nashville Railroad Company and Mr. Schearer objected to a portion of such proposed amendment, contending essentially that paragraphs nos. 13, 14 and 15 thereof are insufficient as a matter of law, and that these additional allegations are " * * * obviously unsupported and unsupportable. * * * "

Leave of the Court for a party to amend their complaint "* * * shall be freely given. * * * " *Idem.* " * * * [T]his mandate is to be heeded. * * * " *Foman v. Davis* (1962), 371 U.S. 178, 182, 83 S.Ct. 227, 230 [5], 9 L.Ed.2d 222. However, where a proposed amendment appears to be insufficient as a matter of law, the Court in its discretion may properly deny the motion to so amend. *Banque de Depots v. National Bank of Detroit*, C.A. 6th (1974), 491 F.2d 753, 575 [7].

In this instance, the Court is of the opinion that the plaintiffs should be allowed at the minimum to state herein their allegations against the above–named defendants. Whether such are sufficient to entitle them to any recovery herein under the applicable law is another matter which can best be raised in some other manner. Accordingly, the motion of the plaintiffs herein of January 18, 1978 to amend their original complaint herein hereby is

GRANTED.* *Zenith Radio Corp. v. Hazeltine Research* (1971), 401 U.S. 321, 330, 91 S.Ct. 795, 802 [1], 28 L.Ed.2d 77, rehearing denied (1971), 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552.

* The title hereof hereby is AMENDED to reflect that the defendants are Monteagle Inn, Inc., et al.