John BUCKNER and wife,
Olavene Buckner

v.

GAF CORP., Rubberoid Division; The Celotex Corp.; Johns–Manville Sales Corp., Successor by merger with Johns–Manville Products Corp.; Johns–Manville Corp.; Southern Asbestos Co., Thermoid Division, Subsidiary of H. K. Porter Co., Inc.; and Empire Ace Insulation Mfg. Corp. et al.

No. CIV–1–79–49.

United States District Court,
E. D. Tennessee, S. D.

Sept. 18, 1979.

On Motions to Vacate Judgment April 18, 1980.

Michael Y. Rowland, Knoxville, Tenn., for plaintiffs.

Baker, Worthington, Crossley, Stansberry & Woolf, Louis C. Woolf, Knoxville, Tenn., for Nicolet Incorporated & Owens–Illinois Glass Co.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an action for personal injuries alleged to have been sustained from exposure to asbestos products. The case is presently before the Court upon the motions for summary judgment filed by the defendants, Owens–Illinois and Nicolet. At issue is the application of the statute of limitations provision of the Tennessee Products Liability Act of 1978, as amended. TCA § 23–3703; 1979 Tenn.Pub.Acts, Chapter 162 (effective date, July 1, 1979).

The complaint in this action was filed on February 22, 1979. In it the plaintiff, John Buckner, alleges that he has suffered personal injuries because of his exposure to asbestos and asbestos insulation products manufactured, mined, or otherwise placed in the stream of commerce by six corporate defendants. Mrs. Buckner has joined in her husband's suit, alleging loss of consortium. By amendment on May 22, 1979 the plaintiffs sued an additional fifteen corporate defendants, including the defendants, Owens–Illinois and Nicolet.

In support of its motion for summary judgment, Owens–Illinois has submitted the affidavit of Alan Boyd, an assistant secretary of the corporation. In his affidavit, Mr. Boyd states that he has made an examination of the available records and information pertaining to the past business operations involving the manufacture, sale or distribution of asbestos–containing insulation products by Owens–Illinois and he has determined that his corporation ceased the manufacture, sale or distribution of such insulation products in April of 1958. Guy Gabrielson, chairman of the board of the defendant, Nicolet, also filed an affidavit in support of his company's motion for summary judgment. In his affidavit, Mr. Gabrielson states that Nicolet manufactured and sold certain types of thermal and molded block insulation products from September 1962 until August, 1965. The last of these products, however, were sold for use no later than October, 1965. The plaintiffs have not contested these assertions.

■ Owens–Illinois and Nicolet contend that the plaintiffs' causes of action against them are barred by the statute of limitations provisions of the Tennessee Products Liability Act of 1978. Prior to its amendments, TCA § 23–3703 provided as follows:

23–3703. *Limitation of actions.*–Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 47–2–725, 28–304, 28–305 and 28–314, *but not withstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter,* except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of

majority, whichever occurs sooner. (Emphasis supplied)

The 1979 amendment to TCA § 23–3703, effective July 1, 1979, added the following subsection:

(b) The foregoing limitation of actions shall not apply to any action resulting from exposure to asbestos.

The plaintiffs' action was filed on May 22, 1978, more than "ten (10) years from the date on which [the asbestos insulation products manufactured and sold by Owens–Illinois and Nicolet were] first purchased for use or consumption," and their action against these two defendants would appear to be barred by TCA § 23–3703 as that statute existed prior to the 1979 amendment. However, the 1979 amendment to the Act expressly excluding actions "resulting from exposure to asbestos" may not be applied retroactively in order to revive the Buckners' claims against Owens–Illinois and Nicolet, because, under Tennessee law, an amendment to a statute of limitations may not be applied retroactively so as to deprive a defendant of a statute of limitations defense–to do so would violate the Tennessee state constitution. Constitution of Tennessee, Art. 1, Section 20; *Ford Motor Co. v. Moulton*, 511 S.W.2d 690 (Tenn. 1974), *reaffirmed*, 533 S.W.2d 295 (Tenn. 1976), *cert. denied* 419 U.S. 870, 95 S.Ct. 129, 42 L.Ed.2d 109. *See also Bates v. Shapard*, 224 Tenn. 672, 461 S.W.2d 946 (1970) (wherein the Tennessee Supreme Court held that the 1969 amendment to TCA § 28–304, another statute of limitations, was not applicable to an action filed prior to the amendment's effective date); *Great American Music Machine v. Mid–South Record Pressing*, 393 F.Supp. 877 (M.D.Tenn.1975) (applying *Bates*).

█ The Buckners contend that the application of the unamended TCA § 23–3703 in a manner so as to bar their claims would be unconstitutional because such an interpretation of the Act denies them any opportunity to pursue a remedy for the injuries they allegedly sustained. They argue that they should be given "a reasonable time" from the effective date of the Act in which

to pursue their "existing cause of action." This is essentially the same argument presented to this Court in *Hargraves v. Brackett Stripping Machine Co.*, 317 F.Supp. 676 (E.D.Tenn.1970), although that case involved another statute of limitations. In *Hargraves*, the injured plaintiff in a products liability action argued that TCA § 28–304, as construed by the Tennessee Supreme Court, was unconstitutional in that it violated his right to due process by depriving him of his right to compensation for injuries wrongfully inflicted. *Id.* at 681. In *Jackson v. General Motors Corp.*, 223 Tenn. 12, 441 S.W.2d 482 (1969), *cert. denied* 396 U.S. 942, 90 S.Ct. 376, 24 L.Ed.2d 243, the Tennessee Supreme Court had construed the statute to mean that the limitations period began to run from the date of the sale of the alleged defective equipment, and not from the date of any damage or injury caused thereby. In *Hargraves, supra*, after an examination of the conflicting public policies involved, this Court held that "legislation adopting the date of the wrongful act or the date of the sale of the defective product as the inception date for the running of a statute of limitations cannot be said to be so arbitrary or capricious as to fall under the ban of the Due Process Clause." 317 F.Supp. at 683. TCA § 23–3703, the statute presently under consideration, begins to run, at least insofar as these plaintiffs are concerned, from the date on which the asbestos insulation products manufactured and sold by Owens–Illinois and Nicolet were first purchased for use or consumption. Upon the basis of this court's ruling in *Hargraves*, therefore, the statute is not violative of the Due Process Clause.

█ It is true, as the plaintiffs have suggested, that the Tennessee state legislature may not by legislation deny an injured person of his or her vested right in a cause of action for personal injuries without providing that person some effective remedy to redress his claim. In other words, the legislature may not shorten a period of limitations and apply the shortened period to *existing causes of actions* without providing a reasonable period of time for the filing of

those existing causes of actions. *Morris v. Gross*, 572 S.W.2d 902, 905 (Tenn.1978); 51 Am.Jur.2d Limitations of Actions § 38 (1970). In Tennessee, a products liability cause of action "accrues" "when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." *McCloskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 491 (Tenn.1975). The plaintiffs assert that the plaintiff Buckner first discovered that he was suffering from an asbestos–related disease on or about August 11, 1978. It was on that date, therefore, that the plaintiffs' causes of action accrued. Because the plaintiffs' claims accrued after the effective date of the 1978 Products Liability Act, July 1, 1978, they did not have an "existing cause of action" at the time the Act went into effect. Their action became subject to the ten–year ceiling on product liability actions generally and it was automatically barred.

This being an action in which jurisdiction is dependent upon diversity of citizenship, this Court is bound by the statutory and case law of Tennessee in determining all issues in regard to the statute of limitations; except those issues grounded in federal constitutional law. *Erie Railway Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1933); *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). This Court is aware of the difficulties that the Tennessee legislative and judicial branches have had in fashioning a rational system of limitations for product liability actions. *See Cumberland Corp. v. E. I. DuPont de Nemours & Co.*, 383 F.Supp. 595 (E.D.Tenn.1973). Nonetheless, it is the opinion of the Court that the result obtained in this case is mandated by the applicable state law. The motions for summary judgment filed by the defendants Nicolet and Owens–Illinois will be granted.

An appropriate order will enter.

## ON MOTION TO VACATE JUDGMENT

This is an action for personal injuries alleged to have been sustained from exposure to asbestos products. In a memorandum and order entered upon September 18, 1979, the Court dismissed the complaint as to Owens–Illinois, Inc. and Nicolet, Inc., upon the ground that the plaintiffs' claims against these two defendants were barred by the statute of limitations provision of Tennessee Products Liability Act of 1978, as amended. TCA § 23–3703. The case is presently before the Court upon the motion filed on behalf of the plaintiffs to vacate that judgment.

Although the plaintiffs originally sought an order vacating the Court's order of September 18, 1979, pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure*, they have subsequently amended their motion to bring it within the provisions of Rule 54(b). Under that rule, the Court may revise its September 18, 1979, order "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." A final judgment has not been entered in this lawsuit.

The Court adheres to its original view that the plaintiffs' claims against Owens–Illinois and Nicolet are barred by the provisions of § 23–3703. By their motion to vacate, however, the plaintiffs have raised several arguments the Court has decided to address. Briefly summarized, the Court's memorandum and order of September 18, 1979, held that the defendants obtained a vested right in the defense against the plaintiffs' claims based upon the ten-year statute of limitations set out in TCA § 23–3703. Although that statute was amended upon July 1, 1979, so as to exempt asbestos–related product liability actions from its provisions, the Court declined to apply the amendment because to do so would deprive the defendants of their vested defense and would violate the Tennessee state constitution. Constitution of Tennessee, Article I, § 20; *Ford Motor Co. v. Moulton*, 511 S.W.2d 690 (Tenn.), *cert. denied*, 419 U.S. 870, 95 S.Ct. 129, 42 L.Ed.2d 109 (1974) (*Moulton I*).

The plaintiffs contend that the Court erred in its initial conclusion that the defendants obtained a vested right in the stat-

ute of limitations defense. They contend that under the Tennessee Supreme Court's decisions in *Harrison v. Schrader*, 569 S.W.2d 822 (Tenn.1978) and *Watts v. Putnam County*, 525 S.W.2d 488 (Tenn.1975), that the defendants could not have obtained a vested right in the statute of limitations defense until one–year after the accrual of the plaintiffs' causes of action. Because the plaintiffs did not discover that Mr. Buckner was suffering from an asbestos-related disease until on or about August 11, 1979, the plaintiffs contend that the defendants' rights could not have vested until August 11, 1979, more than one month after the amendment to § 23–3703. This is so because the ten–year period set out in § 23–3704 is "superimposed" upon the provisions of the general tort statute of limitations, TCA § 28–304, and is "totally unrelated to the accrual of a cause of action."

TCA § 23–3703 is not a conventional statute of limitations. It imposes an outer limit or ceiling upon the existing statute of limitations relating to actions for personal injuries, § 28–304. The "ceiling" imposed in § 23–3703 dates from "the date on which the product was first purchased for use or consumption." In construing similar statutes of limitations, the Tennessee Supreme Court has recognized that once the period of time provided by such ceiling has expired, actions brought after that period of time are *barred*. This is so even when the occurrence giving rise to the cause of action, or the injury happens, or is discovered, after the ceiling period. *Harrison v. Schrader, supra*, 569 S.W.2d at 824 (construing TCA § 23–3415(a), the Tennessee medical malpractice statute of limitations); *Watts v. Putnam County, supra*, 525 S.W.2d at 491–92 (construing TCA § 28–314 to –318, the Tennessee statute of limitations restricting actions for personal injuries arising out of defects in real estate improvements). "This conclusion is harsh, but it is demanded under the statutory scheme." *Watts, supra*, 525 S.W.2d at 492.

The "discovery rule," that is, the rule that a statute of limitations does not begin to run until the injury occurs or is discovered or should have been discovered, *McCros-*

*key v. Bryant Air Conditioning Co.*, 524 S.W.2d 487 (Tenn.1975); *Teeters v. Currey*, 518 S.W.2d 512 (Tenn.1974), applies in *every* case covered by these various statutes of limitations; but, in no event, can the discovery rule extend the period of time limited by the *absolute ceiling*. *Harrison v. Schrader, supra* ; *Watts v. Putnam County, supra*.

■ The plaintiffs assert that "there is no vested right in a statute of limitation until the cause or [sic: of] action has accrued and expired," *Watts v. Putnam County*, 525 S.W.2d at 492 (citing *McCroskey v. Bryant Air Conditioning, supra*), and that a cause of action for injuries arising out of the use of a product does not accrue until the date that the injury is, or should have been, discovered. In the context of a normal statute of limitations, this thesis is entirely correct under Tennessee law. TCA § 23–3703, however, is not a normal statute of limitations. The clear language of the statute bars all suits for personal injuries brought after 10 years have expired from the date the product was first purchased for use or consumption. Thus, the defendants, Owens–Illinois and Nicolet, were entitled to rely upon the statute to bar the plaintiffs' claims against them.

The amendment to TCA § 23–3703 relating to asbestosis cases and effective July 1, 1979, could not divest the defendants of this statute of limitations defense. *Ford Motor Company v. Moulton*, 511 S.W.2d 690 (Tenn.), *cert. denied*, 419 U.S. 870, 95 S.Ct. 129, 42 L.Ed.2d 109 (1974) (*Moulton I* ); *Girdner v. Stephens*, 48 Tenn. 280 (1870). Although subsequent decisions of the Tennessee Supreme Court have changed substantially much of the law as set out in *Moulton I, see, e. g., McCroskey v. Bryant Air Conditioning, supra; Teeters v. Currey, supra; see also Moulton v. Ford Motor Company*, 533 S.W.2d 295 (Tenn.1976) (*Moulton II* ), that court has not retreated from its holding that:

"... retroactive legislation is unconstitutional 'only when it deprives a person of his reasonable expectations un-

der the prior law.' The statute had run under the prior law prior to the amendment; and, therefore, petitioners had a right to 'expect' under the prior law they would not be sued; but, if sued, they were assured of a perfect defense."

*Moulton I*, 511 S.W.2d at 697. In the case *sub judice*, the 10–year period of limitations set forth in § 23–3703 had "run", with regard to products sold by Nicolet and Owens–Illinois, prior to the plaintiffs' discovery of their injuries. Both defendants "had a right to expect under the prior law they would not be sued; but, if sued, they were assured of a perfect defense."

The motion to vacate filed by the plaintiffs will be denied. An appropriate order will enter.