# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

JEAN CAROLYN DOTSON,                    )
                                        )
        Plaintiff/Appellee,         ) **Weakley Circuit No. 2661**
                                        )
VS.                                     ) **Appeal No. 02A01-9804-CV-00117**
                                        )
AMANDA B. BLAKE, DAN BLAKE,             )
and the ESTATE OF ELVIS C.              )
MADDOX, SR., and MARTIN MANOR           )
ASSOCIATES, LTD.,                       )
                                        )
        Defendant/Appellant.        )

<div style="border:1px solid black; display:inline-block; padding:10px; text-align:center">

# FILED

**December 31, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

</div>

### APPEAL FROM THE CIRCUIT COURT OF WEAKLEY COUNTY
### AT DRESDEN, TENNESSEE
### THE HONORABLE WILLIAM B. ACREE, JR., JUDGE

**MARIANNA WILLIAMS**
**ANTHONY L. WINCHESTER**
**ASHLEY, ASHLEY & ARNOLD**
Dyersburg, Tennessee
Attorneys for Appellant Martin Manor Associates, Ltd.

**DONALD E. PARISH**
**IVEY, PARISH & JOHNS, ATTORNEYS**
Attorney for Appellee

**AFFIRMED**

                            **ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

Defendant Martin Manor Associates ("MMA") appeals the ruling of the trial court that no fault be assessed against non-parties Hnedek, Bobo, Gooch and Associates ("Architect") and S. Webster Haining & Company ("Contractor") when all claims against the non-parties were barred by the applicable statute of repose. Defendant MMA also appeals the trial court's refusal to instruct the jury with Tennessee Pattern Jury Instruction 12.10 regarding the agent/independent contractor distinction and the trial court's refusal to grant a new trial where the jury apportioned zero fault to the drivers involved in the automobile collision.

## I. Factual and Procedural History

Dotson filed a Complaint in circuit court for injuries she received in an automobile accident. The original defendants were Amanda Blake, the driver of the vehicle which struck the vehicle in which Dotson was a passenger; Dan Blake, the owner of the vehicle Amanda Blake was driving; and the Estate of Elvis C. Maddux, Sr., the driver of the car in which Dotson was a passenger. Amanda Blake and Dan Blake filed an Answer in which they plead that the direct and proximate cause of Plaintiff's injuries was the negligence of the City of Martin which at the time was a non-party. City of Martin was then added as a defendant. Martin Manor Associates (MMA), the party that designed and built the roadway which intersected Harrison Road, was later added as a defendant.

The Martin Manor apartment complex access road was located just over a hill on Harrison Road. The accident occurred when Amanda Blake was traveling northbound on Harrison Road. The Maddox vehicle, in which Dotson was a passenger, was traveling southbound on Harrison road and Maddox was executing a left turn across the northbound lane of Harrison Road and into the apartment complex. As Amanda Blake drove over the hill on Harrison road, she struck the vehicle as it was turning across her lane. Dotson suffered severe injuries as a result of the accident.

Defendant MMA asserted that Hnedek, Bobo, Gooch and Associates designed the project on Harrison Road and that S. Webster Haining & Company constructed it. Plaintiff amended her complaint to add these two new defendants but these defendants were dismissed as Plaintiff's claim against those defendants was barred as a matter of law pursuant to the statute of repose found at Tenn. Code Ann. §28-3-202.

Defendant MMA filed a motion to Permit Attribution of Fault to Non-Parties requesting that the Court allow the jury to attribute fault to the Architect and the Contractor. The trial court denied Defendant MMA's motion. Prior to trial MMA made several requests for jury instructions including a request that the Court utilize Tennessee Pattern Instruction 3.53 "Where claim is made Against One Not Joined as a Party." Defendant MMA submitted a Request for Jury Verdict Form which included attribution of fault to S. Webster Haining and Hnedek, Bobo, Gooch and Associates. MMA also requested Tennessee Pattern Jury Instruction 12.10 "Agent or Independent Contractor- Distinction" and a special instruction related to the relationship between Defendant and S. Webster Haining and Hnedek, Bobo, Gooch and Associates.

At trial the court refused to charge the jury regarding attribution of fault to non-parties. Further the court did not instruct the jury on the distinction between independent contractors and agents. The court did give an instruction regarding duty of adjacent landowners to persons traveling on the highway. Defendant objected to that instruction. The jury found in favor of Plaintiff and assigned 51% fault to MMA and 49% fault to City of Martin.

Defendants MMA and City of Martin each filed Motions for New Trial. Defendant MMA argued that the Court erred in failing to permit the attribution of fault to non-parties, in denying Martin Manor's Motion to Amend Answer, in erroneously charging the jury on the law regarding the duty of a landowner with respect to a street abutting the landowner's property, and in failing to charge the jury with Tennessee Pattern Jury Instruction 12.10, "Agent or Independent Contractor-Distinction." Furthermore, MMA argued that, in assigning no fault to Amanda Blake or the late Elvis C. Maddox, Sr., the jury's verdict was against the weight of the evidence. The court denied those motions on December 5, 1997. This appeal by Defendant MMA followed. The City of Martin also filed a Notice of Appeal and subsequently paid its part of the judgment. An Order of Satisfaction and Judgment was entered by the court on April 13, 1998, with regard to the City of Martin. Defendants Amanda Blake and Dan Blake also compromised and settled after the appeals were filed.

## II. Attribution of Fault to Non-parties

At trial, Dotson alleged that the driveway to the Martin Manor Apartment complex was improperly located near the crest of a hill and that this created a hazard with respect to access to and from Harrison Road.

3

Hnedek, Bobo, Gooch & Associates ("Architect") was the architectural firm which designed the complex and S. Webster Haining & Company ("Contractor") was the construction company which built it. Dotson presented expert proof that the driveway was located in a dangerous location and that the design of the driveway failed to meet engineering requirements. There was witness testimony that MMA relied upon the expertise of the Architect and Contractor in building the driveway and that MMA had no formal training in the fields of construction and design.

Dotson amended her Complaint to name Architect and Contractor as defendants. However, Architect and Contractor successfully argued that Dotson's claim against them was barred as a matter of law pursuant to the statute of repose found at Tenn. Code Ann. §28-3-202. MMA then sought to amend its Answer to assert affirmatively the negligence of the Architect and Contractor in the event the jury found negligence in the construction or design of the driveway. The Court denied MMA's motion in this regard. MMA also filed a Motion to Permit Attribution of Fault to Non-Parties for the purpose of including Architect and Contractor in the pool of comparative fault since they were no longer parties to the suit. The trial court denied that motion. MMA contends that the trial court erred in failing to allow the jury to consider the apportionment of fault to non-parties.

Tennessee first adopted comparative negligence in the case of McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992) based in large part upon principles of fairness. The Supreme Court recognized that their decision would affect numerous legal principles surrounding tort litigation and that harmonizing these principles with comparative fault must await another day. Id. at 57. The Court also stated that the treatment of non-parties should await an appropriate controversy. Id. at 60.

Such appropriate controversy arose four years later in Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79 (Tenn. 1996). Ridings was injured on the job and subsequently filed a tort action against the responsible third parties. As Ridings was injured in the course of his employment, his only redress against his employer was under the workers compensation law. However, the defendants sought to assign a percentage of fault to Ridings' employer in the tort action. The Supreme Court was called upon to decide whether a non-party against whom the plaintiff could not legally maintain a cause of action in tort could nonetheless be apportioned a percentage of fault with the corresponding result of reducing the liability of other responsible defendants.

4

The Supreme Court in Ridings held that since the plaintiff's employer could not be made a party to the plaintiff's tort action for personal injuries sustained in the course of his scope of employment, the rationale of McIntyre would not permit fault to be attributed to the plaintiff's employer. Ridings at 82. The Court concluded that the plaintiff's right to recover on allegations of negligence and strict liability must be determined without reference to the employer's conduct. Id. at 84. The Court stated that the rationale of McIntyre postulates that fault may be attributed only to those persons against whom the plaintiff has a cause of action in tort. Id. at 81.

The case of Snyder v. Ltg. Lufttechnische GmbH, 955 S.W.2d 252 (Tenn. 1997) shed some light upon the Ridings decision. Snyder was employed at a textile factory and was injured on the job when he put his arm inside a stalled machine. He filed a products liability action against the German manufacturer and seller of the machine. The defendants sought to have fault apportioned against the employer.

The defendants in Snyder argued that Ridings should be overruled because it would force them to bear that percentage of fault that would have been assessed against the plaintiff's employer. The Court stated that they had carefully considered and rejected the same argument in Ridings.

> [t]he rationale of McIntyre postulates that fault may be attributed only to the persons against whom the plaintiff has a cause of action in tort . . . Since the plaintiff's employer cannot be made a party to the plaintiff's tort action for personal injuries sustained in the course and scope of employment, the rationale of McIntyre, both as to principle and procedure, will not permit fault to be attributed to the plaintiff's employer.
>
> * * *
>
> Limiting the parties to whom fault may be attributed to those subject to liability accomplishes the policy objective of fairness and efficiency.

Snyder at 255-56 (citing Ridings at 81-83). The Court went on to say that there is no question that the Court in Ridings considered the "fairness" arguments advanced here by the defendants and made a policy decision to leave immune employers out of the assessment of fault. The Court thus declined the defendant's invitation to reverse Ridings or otherwise depart from the rule adopted in that decision. The Court ultimately held that product liability defendants in a suit based on negligence and strict liability may introduce relevant evidence at trial that the employer's alteration, change, improper maintenance, or abnormal use of the defendant's product was a cause in fact of the plaintiff's injuries but the defendants may not ask the jury to assess fault to the employer.

In the case at hand, all claims against Architect and Contractor were barred by the statute of repose

found at Tenn. Code Ann. §28-3-202. The issue before this Court is whether the principles set out in Ridings and Snyder would similarly bar the attribution of fault to non-parties immune from suit pursuant to a statute of repose. For the following reasons, we hold that the rationale found in Ridings applies equally to statutes of repose.

The running of a statute of repose nullifies both the remedy and the right. Wyatt v. A-Best Products Co., Inc. 924 S.W.2d 98, 102 (Tenn. App. 1995). Because a statute of repose sets the triggering event as something other than accrual, it can have the effect of barring a plaintiff's claim before it accrues, most typically before the plaintiff becomes aware of his or her injury. Id. at 102. A statute of repose is a substantive provision because it expressly qualifies the right which the statute creates by barring a right of action even before the injury has occurred if the injury occurs subsequent to the prescribed time period. Bruce v. Hamilton, 894 S.W.2d 274, 276 (Tenn. App.1993). This possibility has prompted courts to hold that statutes of repose affect the substantive right of a party to bring suit, as well as the remedy. Wyatt at 102.

In Agus v. Future Chattanooga Development Corporation, 358 F.Supp. 246 (E.D.Tenn.1973), Judge Wilson gave his interpretation of Tenn. Code Ann. §28-3-202 (then §28-314):

> The intent of the Tennessee Legislature in passing Tenn. Code Ann. s. 28–314 was to insulate contractors, architects, engineers and the like from liability for their defective construction or design of improvements to realty where either the occurrence giving rise to the cause of action or the injury happens more than four years after the substantial completion of the improvement. Id. at 251.

The Tennessee Supreme Court looked at this statute in Watts v. Putnam County, 525 S.W.2d 488 (Tenn. 1975). The Court noted that the legislature "intended that architects, engineers, etc. not be subject to lawsuits for the reasons contemplated by the Act except for these injuries which occur within four years after substantial completion, and such lawsuits must be brought in any event not later than five years after substantial completion of the improvement." Id. at 492. This conclusion is harsh, but it is demanded under the statutory scheme. Id.

The legislature has the constitutional power to enact statutes of repose which, by definition, have the possible effect of barring a claim before it accrues. Wyatt at 104. See also Jones v. Five Star Engineering, Inc., 717 S.W.2d 882, 883 (Tenn.1986) (upholding constitutionality of TPLA statute of repose); Harrison v.

6

_Schrader_, 569 S.W.2d 822 (Tenn.1978); _Harmon v. Angus R. Jessup Assoc., Inc._, 619 S.W.2d 522 (Tenn.1981). The Legislature creates such immunities for the public good, with the goal of making goods and services more available and more affordable. It is a policy decision which benefits both potential defendants and potential plaintiffs. When a plaintiff is injured by the fault of a non-immune defendant and an immune defendant, the consequence of the immunity will fall on either the plaintiff or the non-immune defendant(s). The Tennessee Supreme Court in _Ridings_ opted for such consequence to fall upon the non-immune defendant(s).

The statute of repose found at Tenn. Code Ann. §28-3-202 was enacted for the above-stated purposes. It the role of the legislature, not this Court, to pass on the wisdom of that purpose. _Hargraves v. Brackett Stripping Machine Co._, 317 F.Supp. 676, 683 (E.D.Tenn.1970). A statute of repose is similar to a blanket immunity (such as the employers immunity from suit in _Ridings_) as both can act as a complete bar to a plaintiff bringing suit even before such cause of action accrues. In this arena of attribution of fault to non-parties, this Court sees no reason to distinguish between a blanket statutory immunity and immunity pursuant to a statute of repose.

The Court in _Ridings_ stated that fault may be attributed only to those persons against whom the plaintiff has a cause of action in tort. As a statute of repose bars not only the remedy but also the right, it can therefore be said that a plaintiff does not have a cause of action against a defendant immune under a statute of repose. Therefore, under the rationale of _Ridings_, fault may not be attributed to a defendant immune from suit pursuant to a statute of repose. For the foregoing reasons we find that the trial court did not err in refusing to allow the jury to consider the apportionment of fault to non-parties Architect and Contractor.

This Court would further point out that statutes of repose differ from statutes of limitation and this opinion in no way addresses the issue of whether fault may be attributed to a non-party against whom a statute of limitations has run.

### III. Jury Instructions

Appellant contends that the trial court erred in failing to instruct the jury with Tennessee Pattern Jury Instruction 12.10 regarding the distinction between an independent contractor and an agent. A trial court

7

should give a requested instruction if it is supported by evidence, if it embodies a party's theory of the case, if it is a correct statement of the law and if its substance has not already been included in other parts of the charge. Hayes v. Gill, 216 Tenn. 39, 390 S.W.2d 213, 214 (1965); Austin v. Memphis, 684 S.W.2d 624 (Tenn. App. 1984).

The following excerpts are taken from the trial court's instructions to the jury.

> The plaintiff also contends that the defendant, Martin Manor Associates, Limited, owned and maintained Southwood Apartment Drive and that this driveway was in a dangerous location. As a result, the plaintiff is entitled to recover against Martin Manor.
>
> * * *
>
> A party is at fault is you find that the party was negligent and that the negligence was a legal cause of the injury or damage for which a claim is made.
>
> * * *
>
> The allegations made against Martin Manor are that it constructed the driveway at a location different from that authorized by the City of Martin and that the driveway was in a different location because there was not adequate visibility of and for vehicles turning into the driveway from Harrison Road.
>
> An owner of property which abuts a public street and who has created an access way connecting its property to the public street for its private benefit must exercise due care to construct and maintain the access way in a reasonable and safe condition and is liable for injuries directly and proximately resulting from its failure to reasonably do so.
>
> * * *
>
> Martin Manor denies that the driveway is located in a dangerous place and asserts that the driveway was built by the contractor who built the apartment complex at a location selected by the architect.
>
> The actions of the architect, Hnedek, Bobo, Gooch and Associates, and/or the contractor, S. Webster Haining and Company, may be considered by you in assessing whether the plaintiff has met her burden of establishing fault against Martin Manor. You may not in making that determination assess fault against the architect or contractor.

The jury instruction on the agent/contractor distinction would have been relevant if the jury was allowed to assess fault to the Architect and Contractor. Under that scenario, the jury would need to know whether the actions of the Architect or Contractor were attributable to MMA, so as to apportion fault accordingly. However, as the jury was correctly not permitted to assess fault to the non-parties, the issue of contractor versus agent became irrelevant.

The jury was instructed that MMA was a defendant because it *owned and maintained* the driveway is question. The trial judge also instructed the jury on the duty of an owner of property which abuts a public street and who has created an access way connecting its property to the public street for its

8

private benefit. While MMA objected to such instruction at trial, such instruction has not been made an issue on appeal. That instruction set out MMA's duties as the *owner* of the property. The jury was further told that MMA denies that the driveway is located in a dangerous place and asserts that the driveway was *built by the contractor* who built the apartment complex *at a location selected by the architect.* The trial judge then instructed the jury that the actions of the Architect and/or the Contractor may be considered in assessing whether the plaintiff has met her burden of establishing fault against MMA but that they may not assess fault against the architect or contractor.

The jury was instructed on the duties of MMA as owner of the property. They were told of MMA's contention that the driveway was built by Contractor and designed by Architect. They were then instructed to consider the actions of those non-parties in assessing whether MMA was in fact a legal cause of the injuries or damages. Although jury instruction 12.10 is a correct statement of the law, it does not appear to embody MMA's theory of the case. To the extent that MMA's theory of the case embodied prohibiting the jury from attributing the non-parties fault to MMA, the trial judge's other instructions adequately stated the law. The other parts of the jury charge notified the jury that MMA was pointing the finger at Contractor and Architect and that the jury was allowed to consider those non-parties' actions in determining causation.

For all the foregoing reasons, we find that the trial court did not err in failing to instruct the jury with Tennessee Pattern Jury Instruction 12.10.

### IV. Jury Verdict

Appellant's final assertion of error is that the trial court erred in failing to grant a new trial where the jury apportioned zero percent fault to the drivers involved in the automobile collision. Appellant contends that the verdict of the jury was against the weight of the evidence. Appellant points to the evidence that Blake failed to activate her headlights on a dark, rainy December afternoon. Blake was having difficulty seeing from her position in the car that afternoon and Blake may have been traveling in excess of the posted speed limit. Appellant also points to the testimony of Mr. Snyder that Maddox took his eyes off the roadway long enough to wave a greeting to Mr. Snyder.

In reviewing a judgment based upon a jury verdict the appellate courts are not at liberty to weigh the evidence or to decide where the preponderance lies, but are limited to determining whether there is material evidence to support the verdict; and in determining whether there is material evidence to support the verdict, the appellate court is required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all the contrary. <u>Crabtree Masonry Co., Inc. v. C&R Construction, Inc.</u>, 575 S.W.2d 4, 5 (Tenn. 1978).

Upon reviewing the evidence in this case under the principles expressed above, we have concluded that the verdict of the jury is supported by the evidence. There was testimony that the presence of a hill near the location of the access road obstructs the vision of motorists approaching the intersection, or entering or exiting the access road. There was testimony that other accidents took place at the location prior to the accident giving rise to this suit. There was testimony that the problem could have been corrected by relocation of the access road to the place originally designated in the plat submitted to the City of Martin. The City of Martin received numerous complaints from members of the public and even a city Alderman expressing concern about the danger of the hidden entrance way. Mrs. McMinn and other members of the apartment community discussed the dangerous access road with the MMA managers.

There was ample evidence concerning the obstruction of visibility at the accident site, including evidence of prior accidents in the same place. Taking the strongest legitimate view of all the evidence in favor of the verdict, allowing all reasonable inferences to sustain the verdict, and discarding all the contrary, the jury's verdict which assessed no fault to the drivers is supported by the evidence. For the foregoing reasons, we hold that the trial court did not err in failing to grant a new trial in this matter.

## V. Conclusion

The judgment of the trial court is hereby affirmed. Costs of this appeal are taxed to Appellant, for which execution may issue if necessary.

                                        HIGHERS, J.

CONCUR:


_____
CRAWFORD, P.J., W.S.


_____
FARMER, J.

11