IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

**WILLIAM F. CONLEY, ET UX. v. HARMONY BLUE GRANITE CO., INC.**

**Direct Appeal from the Chancery Court for Knox County**
**No. 136095-2  Daryl R. Fansler, Chancellor**

---

**No. E1999-00265-COA-R3-CV - Decided June 27, 2000**

---

This is a suit wherein the Plaintiffs seek damages by reason of defective construction of a mausoleum by the Defendant.  The Trial Court found that the suit was barred by T.C.A. 28-3-202, the four-year statute of repose.  We Affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

GODDARD, P.J., delivered the opinion of the court, in which FRANKS and SUSANO, JJ. joined.

Lewis S. Howard of Knoxville, Tennessee, for the Appellants William F. Conley and wife Betty Jo Conley

James S. MacDonald of Knoxville, Tennessee, for the Appellee Harmony Blue Granite Co., Inc.

**OPINION**

William F. Conley and his wife Betty Jo Conley sue Harmony Blue Granite Co., Inc., for damages they sustained by reason of the defective construction of a mausoleum by Blue Granite.  The Trial Court granted a summary judgment to the Defendant upon his finding that the Conleys' claim was barred by T.C.A. 28-3-202,  the four-year statute of repose.

The Conleys appeal, raising the following two issues:

1. Is the Plaintiffs' cause of action against the Defendant subject to and controlled by the four-year statute of response, T.C.A. § 28-3-201, *et seq.* as determined by the Chancellor?

2. Under the facts of this case in which the Defendant has engaged in fraudulent conduct by contracting for and building a commercial structure in Tennessee without a Tennessee contractor's licence, the appropriate statute of limitation by statute becomes and is T.C.A. § 28-3-105, the three (3) year discovery statute governing property tort actions.

A recent opinion of our Supreme Court, <u>Staples v. CBL & Associates, Inc.</u>, 15 S.W.3d 83, 89 (Tenn. 2000), restates the standard of review as to summary judgments:

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

The original proposal submitted by Blue Granite to Mr. Conley is dated March 20, 1979, and was accepted by Mr. Conley on March 21. One of the conditions of the proposal was that "this order is subject to acceptance by our credit department after your approval."

The mausoleum was completed in the fall of 1979.

There is proof in the record to support the following allegations found in Section 5 of the complaint:

> 5. During the Spring of 1997 Plaintiff Conley first discovered an apparent and obvious shifting of the granite blocks, which then showed evidence of cracking, and shifting of the mausoleum and a soils engineering firm in an effort to determine the cause of the mausoleum shifting and deterioration. The findings of all such investigations indicated the probability of faulty construction.

As already noted, the Trial Court was of the opinion that the Conleys' claim was barred by the four-year statute of repose, T.C.A. 28-3-202:

**28-3-202. Limitation of actions. --** All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

In their appeal, the Plaintiffs point out T.C.A. 28-3-205(b), which removes the statute of repose as a defense to a party who is guilty of fraud or conceals a cause of action. The Plaintiffs further assert that under the authority of Watts v. Putnam County., 525 S.W.2d 488 (Tenn. 1975), T.C.A. 28-3-105,[1] the three-year discovery statute relative to "property tort actions," then becomes the appropriate limiting statute.

**28-3-205. Limitation not defense for party in possession, guilty of fraud, or who conceals cause of action. --** (a) . . . .

(b) The limitation hereby provided shall not be available as a defense to any person who shall have been guilty of fraud in performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying, in connection with such an improvement, or to any person who shall wrongfully conceal any such cause of action.

The fallacy with this reasoning is that T.C.A. 28-3-205(b) above quoted speaks of "fraud in performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying, in connection with such an improvement." The failure to have a license to do business in our view is not a fraud contemplated by subsection (b). Additionally, subsection (b) provides that the statute of repose is unavailable to those who

---

[1] **28-3-105. Property tort actions -- Statutory liabilities. --** The following actions shall be commenced within three (3) years from the accruing of the cause of action:
(1) Actions for injuries to personal or real property.

"wrongfully conceal any such cause of action." There is absolutely nothing in the record to show that Harmony Blue concealed any defects in the mausoleum or the fact that it did not have a license.

We should also point out that T.C.A. 48-25-101)(b)(6) provides an exception to the requirement of a certificate of authority to transact business in Tennessee if the order requires, as it did in the case at bar, acceptance outside the state before one becomes a "contractor." Moreover, T.C.A. 48-25-102(f) provides that "the failure of a foreign corporation to obtain a certificate of authority does not impair the validity of its corporate acts or prevent it from defending any proceeding in this state."

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Plaintiffs William F. Conley and his wife Betty Jo Conley and their surety.