**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANJAY ISRANI,

               Plaintiff - Appellant,

   v.

ROBERT A. BITTMAN; et al.,

               Defendants - Appellees.

No. 10-16726

D.C. No. 3:09-cv-0467-ECR-RAM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, District Judge, Presiding

Argued and Submitted October 13, 2011
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

Appellant Sanjay Israni, stockholder of International Game Technology

(IGT), appeals the dismissal of his derivative complaint for failure to allege

particularized facts establishing demand futility. We affirm.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

As a preliminary matter, we address Appellees' motion to strike Appellant's Additional Excerpts of Record. The motion to strike is granted because Appellant never filed or submitted the relevant documents to the court below. *See* Fed. R. App. P. 10(a); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

A shareholder bringing a derivative action to enforce a right of the corporation must either make a demand on the corporation's directors to take corrective action, or state with particularity reasons why demand would be futile. Fed. R. Civ. P. 23.1. We look to the law of the state of incorporation to determine when demand would be futile. *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 990 (9th Cir. 1999). IGT is incorporated in the State of Nevada, so Nevada law defines demand futility here. Nevada courts look to Delaware law for guidance on requirements for pleading demand futility. *See Shoen v. SAC Holding Corp.*, 137 P.3d 1171, 1184 (Nev. 2006). This Court reviews a district court's dismissal of a shareholder derivative suit based on failure to make a demand or

properly allege demand futility for an abuse of discretion.[1] *Potter v. Hughes*, 546

F.3d 1051, 1056 (9th Cir. 2008).

Under Delaware law, demand futility is established when the complaint

pleads particularized facts demonstrating "(1) in those cases in which the directors

approved the challenged transactions, a reasonable doubt that the directors were

disinterested or that the business judgment rule otherwise protects the challenged

decisions; or (2) in those cases in which the challenged transactions did not involve

board action or the board of directors has changed since the transactions, a

reasonable doubt that the board can impartially consider a demand." *Shoen*, 137

P.3d at 1184. The nine members of IGT's board of directors at the time the

underlying lawsuit was filed, who therefore would have been charged with

considering a demand, were directors Bittman, Burt, Hart, Mathewson, Matthews,

Miller, Rentschler, Roberson, and Satre. Here, the complaint pleaded director

interest based on: (1) director approval of a revised employment agreement for Mr.

---

[1] We question whether abuse of discretion review is appropriate. The Second and Ninth Circuits recently expressed doubt about the propriety of applying an abuse of discretion standard to a motion to dismiss for failure to sufficiently allege demand futility but declined to reach the issue because it was not dispositive in the case. *Scalisi v. Fund Asset Mgmt., L.P.*, 380 F.3d 133, 137 n.6 (2d Cir. 2004); *Laborers Intern. Union of N. Am. v. Bailey*, 310 Fed. Appx. 128, 130 n.1 (9th Cir. Jan. 23, 2009). However, a de novo standard of review would not change the outcome of this case so it is therefore currently unnecessary to decide this issue.

Matthews, IGT's former CEO and chairman of IGT's board of directors; (2) high director compensation; (3) director membership on IGT's Audit and Governance Committees; (4) director employment with IGT; and (5) alleged insider trading by three IGT directors.

Appellant argues that certain directors were incapable of objectively evaluating a demand because they approved Mr. Matthews' employment contract. Appellant's theory is that these directors were advancing Mr. Matthews' interests in an effort to have their own compensation increased. Appellant's conclusory argument is insufficient to raise a reasonable doubt that the directors were disinterested because the complaint does not include facts to explain how approval of Mr. Matthews' salary would influence the compensation of other directors. *Brehm v. Eisner*, 746 A.2d 244, 257 (Del. 2000). Additionally, Appellant did not raise a reasonable doubt that the directors' actions were the valid exercise of business judgment because "[i]t is the essence of business judgment for a board to determine if a particular individual warrants large amounts of money." *Id.* at 263 (quotation and brackets omitted). Thus, the district court properly found that the allegations relating to Mr. Matthews' revised employment agreement do not establish demand futility.

The district court also properly found that demand is not excused based on the directors' fees. A director's receipt of compensation alone does not excuse demand, and the complaint did not provide sufficient factual allegations to show the fees here were unusual or uncustomary. *Orman v. Cullman*, 794 A.2d 5, 29 n.62 (Del. Ch. 2002). Appellant alleges that four IGT directors each received total compensation between $384,498 to $419,498 for 2008. Appellant alleges IGT directors' total compensation is larger than IGT officers' base salary, but offers no information about IGT officers' total compensation. Appellant alleges average IGT director compensation in 2008 was higher than the average director compensation paid at nineteen of the top twenty *Fortune* 500 companies. However, Appellant offers no comparison to the compensation of directors in companies in IGT's industry. While we do not believe an industry-specific comparison of director compensation is always required to raise a reasonable doubt about director independence, we conclude no such "reasonable doubt" is raised here, given the differences between IGT's industry and those of the cited *Fortune* 500 firms. Appellant also does not compare the responsibilities of IGT directors to the responsibilities of directors at the referenced *Fortune* 500 companies. Additionally, Appellant does not explain how acceding to a shareholder demand would jeopardize the directors' positions. Without more, we cannot conclude that

the director compensation here is "so lavish that a mechanical application of the presumption would be totally at variance with reality." *Grobow v. Perot*, 526 A.2d 914, 923 n.12 (Del. Ch. 1987) *aff'd*, 539 A.2d 180 (Del. 1988).

The district court properly found demand is not excused based on committee membership because the complaint failed to plead facts regarding what information the committee members saw and failed to act on.[2] *In re Caremark Intern. Inc. Derivative Litig.*, 698 A.2d 959, 971 (Del. Ch. 1996). Additionally, the complaint does not contain particularized facts showing that the committee members engaged in "intentional misconduct, fraud or a knowing violation of the law," as required under Nevada law. NEV. REV. STAT. § 78. 138(7); *In re Amerco Derivative Litig.*, 252 P.3d 681, 700-01 (Nev. 2011). The district court also properly found demand is not excused based on IGT employment of directors because the complaint did not allege the insider directors were beholden to an interested party. *In re NutriSystem, Inc. Derivative Litig.*, 666 F. Supp. 2d 501, 515 (E.D. Pa. 2009) ("Under Delaware law, merely being employed by a corporation is not, by itself, sufficient to create a reasonable doubt as to the independence of a director." )

---

[2] One possible exception is the allegation that Mr. Burt participated in insider trading while serving on the Governance Committee. However, this claim is not determinative in deciding whether demand would have been futile.

(citing *In re Walt Disney Co. Deriv. Litig.*, 731 A.2d 342, 356 (Del Ch. Ct. 1998), *aff'd in pertinent part*, *Brehm*, 746 A.2d 244).

Finally, the complaint alleged that directors Burt, Bittman, and Matthews engaged in insider trading of IGT stock, and therefore a demand on them regarding these activities would have been futile. The district court declined to address the sufficiency of this allegation because it had denied all other demand futility grounds alleged and therefore the plaintiffs could not show that a majority of the IGT board was not impartial even if demand were excused with respect to these three defendants. For the same reason, it is unnecessary for us to consider this allegation.

**AFFIRMED.**