REINHARDT, Circuit Judge,
specially concurring:
Because it is not necessary to decide the question of the applicable standard of review in our opinion, I write separately to set forth my view that the proper standard is de novo.
The arguments that Plaintiffs advance against the rule of Potter v. Hughes, 546 F.3d 1051 (9th Cir.2008), and In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970 (9th Cir.1999), are compelling. The issue is an important and controversial one, as evidenced by the fact that the Supreme Court granted certiorari to resolve a circuit split on this exact point of law just one year ago (although that case settled before oral argument). See UBS Fin. Servs. Inc. of Puerto Rico v. Union de Empleados de Muelles de Puerto Rico PRSSA Welfare Plan, — U.S. —, 134 S.Ct. 40, 186 L.Ed.2d 954 (2013).
The problem with Potter and In re Silicon Graphics is simply stated: Courts of Appeals ordinarily review the sufficiency of a complaint’s allegations de novo, and there is no reason why that general rule is not fully applicable to motions to dismiss on the pleadings under Federal Rule of *1160 Civil Procedure 23.1. Recognizing the problems with abuse of discretion review of motions to dismiss for failure adequately to allege demand futility, several state courts have recently switched to de novo review. See, e.g., Fink v. Codey (In re PSE & G S’holder Litig.), 173 N.J. 258, 801 A.2d 295, 313 (2002); Harhen v. Brown, 431 Mass. 838, 730 N.E.2d 859, 866 (2000); Brehm v. Eisner, 746 A.2d 244, 253 (Del.2000). In the federal system, several circuits have expressed strong concerns about an abuse of discretion standard, see Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust ex rel. Fed. Nat. Mortgage Ass’n v. Raines, 534 F.3d 779, 783 n. 2 (D.C.Cir.2008); Scalisi v. Fund Asset Mgmt., L.P., 380 F.3d 133, 137 n. 6 (2d Cir.2004), the First and Seventh Circuits have recently adopted de novo review, see Union de Empleados de Muelles de Puerto Rico PRSSA Welfare Plan v. UBS Fin. Servs. Inc. of Puerto Rico, 704 F.3d 155, 162 (1st Cir.2013); Westmoreland Cnty. Employee Ret. Sys. v. Parkinson, 727 F.3d 719, 724-25 (7th Cir.2013), and the Sixth and Eighth Circuits have recently reaffirmed their adherence to de novo review, see Lukas v. McPeak, 730 F.3d 635, 637 (6th Cir.2013); Gomes v. Am. Century Cos., Inc., 710 F.3d 811, 815 (8th Cir.2013). Motivated by similar concerns, two panels of this Court have expressed discomfort with abuse of discretion review in unpublished dispositions. See Israni v. Bittman, 473 Fed.Appx. 548, 550 n. 1 (9th Cir.2012); Laborers Int’l Union of N. Am. v. Bailey, 310 Fed.Appx. 128, 130 (9th Cir.2009).
These judges have offered powerful arguments in favor of de novo review. As a panel of this Court observed in 2000, we choose “between the de novo and abuse of discretion standards by balancing the peculiar need of a full appellate review, against the argument that the district court’s ... determination requires the exercise of discretion and therefore is due the correlative level of deference on review.” Harman v. Apfel, 211 F.3d 1172, 1176 (9th Cir.2000). That inquiry, in turn, looks to factors such as “the language and structure of the governing statute,” Pierce v. Underwood, 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); “[t]he non-amenability of the problem to rules, because of the diffuseness of circumstances, novelty, vagueness, or similar reasons that argue for allowing experience to develop,” id. at 562, 108 S.Ct. 2541; whether a decision “ordinarily has ... substantial consequences” requiring “it to be reviewed more intensively,” id. at 563,108 S.Ct. 2541; and whether, “as a matter of the sound administration of justice, one judicial actor is better positioned than another to decide the issue in question,” Miller v. Fenton, 474 U.S. 104, 114, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985).
Here, all relevant factors cut in favor of de novo review. Nothing in Rule 23.1 indicates a preference for district court decision-making; doctrines of demand futility are reasonably uniform and amenable to general rules that cover a wide range of circumstances; the decision to dismiss a shareholder derivative suit under Rule 23.1 results in the serious consequence of terminating the litigation, and is of particular importance in the Rule 23.1 context due to the high costs associated with filing shareholder derivative suits; and district courts do not have an institutional advantage over appellate courts in determining the legal sufficiency of pleadings.
In view of the above, I strongly urge that when we are presented with a demand futility case in which the standard of review is determinative of the outcome, reconsideration of the applicable standard of review would be in order.