COLE, J., delivered the opinion of the court, in which SILER, J., joined. DOWD, D.J. (pp. 641^15), delivered a separate dissenting opinion.
OPINION
COLE, Circuit Judge.
Plaintiff-Appellant Patrick P. Lukas appeals the dismissal of his derivative suit on behalf of Miller Energy Resources, Inc. (“Miller”). The district court, applying Tennesee law, dismissed Lukas’s derivative suit against Miller and nine of its directors because Lukas brought suit without first making a demand on the Miller Board of Directors to pursue this action, as required by Tennessee law. Lukas argues that the district court erred in rejecting his argument that, under Tennessee law, he was excused from bringing a demand because such a demand would have been futile. We affirm the dismissal.
I.
Lukas is a shareholder of Miller, a publicly owned Tennesee corporation “engaged in the exploration, production and drilling of oil and natural gas.” On December 16, 2009, Miller announced that it had acquired assets (“Alaska assets”) worth $325 million for a cost of only $2.25 million. Miller announced several increases in the value of the Alaska assets over the next nine months, claiming that they were worth over $1.2 billion in August 2010. The resulting impact on Miller’s financial reports led to increases in its stock price.
On December 23, 2010, Miller, in recognition of its improved financial performance, amended its employment agreement with its Chief Executive Officer, Defendant *637 Scott Boruff, substantially increasing his compensation and giving him stock options. The Compensation Committee (Defendants Merrill McPeak, Charles Stivers, and Herman Gettelfinger) recommended the amendment and the Board approved it. At the time, the Board was composed of the four already-named Defendants, as well as Defendants Deloy Miller, Jonathan S. Gross, David Hall, Don Turkleson, and David Voyticky.
In the summer of 2011, a series of revelations led Miller’s stock price to decrease. A website published a report claiming that the Alaska assets—on the books for $350 million—were worth only $25 to $30 million and offset by $40 million in liabilities. Then, a series of SEC filings by Miller acknowledged “errors in ... financial statements” and “computational errors,” and advised that the misstatements “may have a material adverse effect on ... business and stock price” and “adversely impact [Miller’s] ability to raise additional capital.” The stock price decreased after the website report and SEC disclosures.
On August 31, 2011, Lukas filed suit against the above-named Defendants, as well as Miller itself, in the district court, alleging six counts: (1) breach of fiduciary duty and disseminating materially false and misleading information; (2) breach of fiduciary duties for failing to properly oversee and manage the company; (3) unjust enrichment; (4) abuse of control; (5) gross mismanagement; and (6) waste of corporate assets. Defendants moved to dismiss on the grounds that (1) Lukas had not made a demand on the Miller board prior to initiating his suit and (2) Lukas failed to state a valid cause of action against any of the individual defendants. Lukas opposed the motion, arguing that demand would have been futile and that he had stated valid claims. The district court granted the motion on the ground that Lukas “ha[d] not adequately pled specific facts demonstrating that his failure to make a pre-suit demand ... should be excused.” Lukas appeals.
II.
We “review de novo a district court’s dismissal of a plaintiffs complaint for failure to state a claim under Rule 12(b)(6).” Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir.2006). We review a district court’s application of state law de novo. See Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 526 (6th Cir.2006) (citing Salve Regina Coll. v. Russell, 499 U.S. 225, 231, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991)).
Defendants argue that the panel should review the district court’s decision for abuse of discretion because the disposition of the motion to dismiss in this case was based on findings of fact. Defendants cite a number of cases from other circuits for the proposition that abuse-of-discretion review applies when the determination of the sufficiency of allegations of demand futility “depends on the circumstances of the individual case.” See, e.g., Halebian v. Berv, 590 F.3d 195, 203 (2d Cir.2009); Kanter v. Barella, 489 F.3d 170, 175 (3d Cir.2007). However, we have previously reviewed demand-futility issues under a de novo standard. See, e.g., McCall v. Scott, 239 F.3d 808, 815-16 (6th Cir.2001); In re Ferro Corp. Derivative Litig., 511 F.3d 611, 617 (6th Cir.2008). We do likewise in this case.
In resolving questions of Tennessee law, this Court must first look to the decisions of the Tennessee Supreme Court. See West v. Am. Tel. & Tel. Co., 311 U.S. 223, 236, 61 S.Ct. 179, 85 L.Ed. 139 (1940). This Court must abide by any directly applicable holding of the Tennessee Supreme Court, unless the state court itself has “given clear and persuasive indication that its [earlier] pronouncement will be modified, limited or restricted.” Id. *638 Where no on-point precedent from the Tennessee Supreme Court is available, this Court must consider any available precedent from the state appellate courts, whether published or unpublished:
Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.
Id. at 237, 61 S.Ct. 179; see also Talley v. State Farm Fire & Cas. Co., 223 F.3d 323, 328 (6th Cir.2000) (stating that the West rule applies “irrespective of whether a state appellate decision is published or unpublished”). State appellate court precedent is to be considered particularly persuasive where the Tennessee Supreme Court has refused to review the decision. See Six Cos. of Cal. v. Joint Highway Dist. No. IS, 311 U.S. 180, 188, 61 S.Ct. 186, 85 L.Ed. 114 (1940); King v. Order of United Commercial Travelers of Am., 333 U.S. 153, 158 n. 13, 68 S.Ct. 488, 92 L.Ed. 608 (1948).
Ordinarily, a plaintiff in a shareholder derivative suit must state in his complaint that, prior to filing suit, he made a written demand on the corporation’s directors requesting that they pursue the suit on behalf of the corporation or take other suitable corrective action, and that they refused or ignored his demand. See Tenn.Code Ann. § 48-17-401(b); Tenn. R. Civ. P. 23.06. However, Tennessee law recognizes that, in some circumstances, demand would be futile. In such cases, the plaintiff is excused from making a pre-suit demand, but the complaint must state “with particularity” why demand was futile. See Tenn.Code Ann. § 48-17-401; Tenn. R. Civ. P. 23.06. The contours of Tennessee’s demand-futility standard are at issue in this case.
The district court held that a Tennessee appellate court had set out the “test for demand futility in Tennessee” that the district court was “bound to follow.” See Lewis ex rel. Citizens Sav. Bank & Trust Co. v. Boyd, 838 S.W.2d 215 (Tenn.Ct.App. 1992). The district court read Lewis as adopting a form of the Delaware Supreme Court’s two-part test for demand futility, known as the Aronson test:
In demand excused cases, the grounds for the shareholder’s claim are (1) that the board is interested and not independent and (2) that the challenged transaction is not protected by the business judgment rule.
Lewis, 838 S.W.2d at 222 (citing Aronson v. Lewis, 473 A.2d 805, 814 (Del.1984)). The district court held that Lukas must meet “both prongs” for demand to be excused, and that his failure to meet the first prong-—to show that a majority of directors were interested and not independent—made analysis of the second prong unnecessary.
On appeal, Lukas argues that the district court erred in applying the demand-futility standard from Lewis because the Tennessee Supreme Court has definitively answered the central question of state law in this case. Lukas cites Deaderick v. Wilson, wherein the Tennessee Supreme Court held that demand would be excused when “the corporation is still under the control of those who must be defendants in the suit.” 67 Tenn. 108, 131 (1874) (emphasis omitted). Since the entire board is named in this suit, Lukas contends demand is excused under Deaderick.
Deaderick has been repeatedly affirmed by the Tennessee Supreme Court. See, e.g., Boyd v. Sims, 87 Tenn. 771, 11 S.W. 948, 950 (1889) (“[A] demand of the agents of a corporation ... is not necessary if these agents are themselves guilty of the wrongs complained of ... it would be eon- *639 trary to justice to permit the authors of the wrong to conduct the litigation against themselves as agents of the injured party.”); Wallace v. Lincoln Sav. Bank, 89 Tenn. 630, 15 S.W. 448, 449 (1891) (noting in dictum that a shareholder can bring suit “where the managing agents of the corporation (its officers and directors) are themselves to be the defendants”); Akin v. Mackie, 203 Tenn. 113, 310 S.W.2d 164, 168 (1958) (“[Demand] need not be made where the corporation is under the control ... of persons who are necessary parties defendant.” (quotation marks omitted)). The Tennessee Supreme Court has never declared Deaderick abrogated or overruled. We agree with Lukas that Deader-ick remains good law, but we do not read it as holding that demand is automatically futile whenever a majority of company directors is named in a derivative suit.
Deaderick and its progeny leave room for the lower Tennessee courts to “expound[ ],” Lukas v. McPeak, No. 3:11-CV-422, 2012 WL 4359437, at *5 (E.D.Tenn. Sept. 21, 2012), as to the scope of the demand-futility exception by leaving important qualifying language undefined. Deaderick states that demand will be excused “if the corporation is still under the control of those who must be defendants in the suit.” 67 Tenn. at 131 (emphasis altered); see also Akin, 310 S.W.2d at 168 (“[Demand] need not be made where the corporation is under the control of the wrongdoers or of persons who are necessary parties defendant.” (quotation marks omitted) (emphasis added)). Deaderick did not elaborate on how to distinguish “those who must” be defendants in the suit from those who are merely named in the suit, probably because the defendants were very specifically accused of insider trading and scheming to defraud smaller stockholders, making it obvious that they “must” be defendants. See 67 Tenn. at 112. Likewise, in Akin, a single controlling shareholder was personally accused of covertly “deplet[ing]” the company’s treasury and denying minority shareholders an accounting of the company’s assets, making it obvious that he was a necessary defendant. Akin, 310 S.W.2d at 168. By contrast, it is not at all clear from Lukas’s allegations why the majority of the board must be defendants.
In Lewis, a Tennessee appellate court “expound[ed]” on how to demonstrate that a defendant is truly necessary, such that demand may be excused. The court affirmed the principle in Deaderick:
Thus, the courts have excused the demand requirement when the corporation’s officers and directors will themselves be defendants or when the officers and directors are in collusion with those who have injured the corporation.
838 S.W.2d at 221 (citing Wallace and Deaderick). Shortly thereafter it stated:
In demand excused cases, the grounds for the shareholder’s claim are (1) that the board is interested and not independent and (2) that the challenged transaction is not protected by the business judgment rule.
Id. at 222 (citing Aronson, 473 A.2d at 814). These passages in Lewis were only dicta. See id. at 224 (concluding that the “depth of review should not depend on whether or not the shareholder made a demand prior to filing suit”); United States v. McMurray, 653 F.3d 367, 375 (6th Cir.2011) (holding that a statement is non-binding dicta when it is not necessary to the outcome of a case). However, other Tennessee appellate courts have applied some version of the Aronson test to plaintiffs pleading demand futility. See Memphis Health Ctr., Inc. ex rel. Davis v. Grant, No. W2004-02898-COA-R3-CV, 2006 WL 2088407, at *10 (Tenn.Ct.App. July 28, 2006); Humphreys v. Plant Maint. Servs., Inc., No. 02A01-98-11-CV- *640 00323, 1999 WL 553715, at *6-7 (Tenn.Ct. App. July 30, 1999). Thus, the dicta in Lewis became case law, at least for the purpose of federal courts sitting in diversity. See Talley, 223 F.3d at 328. Lukas does not cite any post -Lewis Tennessee cases that flatly apply the Deaderiek rule.
When resolving unsettled questions of state law, a federal court should attempt to make sense, not nonsense, of state courts’ holdings. Cf. Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 136, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (Ginsburg, J., concurring). In this case, Lukas invites us to find that multiple Tennessee appellate courts have repeatedly and grossly misunderstood applicable Tennessee Supreme Court precedent, even while citing it. On the other hand, the district court’s reading of Deaderiek reasonably reconciles the lower state court decisions with Deaderiek and its progeny. As a federal court sitting in diversity, we prefer the district court’s approach, which minimizes the danger of “interrupting] the orderly development and authoritative exposition of state law.” Factors, Etc., Inc. v. Pro Arts, Inc., 652 F.2d 278, 282 (2d Cir.1981); see also Assicurazioni Generali S.p.A v. Neil, 160 F.3d 997, 1003 (4th Cir.1998) (“[0]nly if the decision of a state’s intermediate court cannot be reconciled with state statutes, or decisions of the state’s highest court, or both, may a federal court sitting in diversity refuse to follow it.” (emphasis added)). Accordingly, we agree with the district court that the proper demand-futility standard is the version of the Aronson test first mentioned in Lewis.
Lukas also argues, in the alternative, that even under Defendants’ and the district court’s preferred standard, his complaint adequately pleads demand futility and the district court erred by applying a conjunctive version of the two-pronged test in Aronson. He is wrong on both counts.
Although Delaware courts read the Ar-onson test as disjunctive, requiring a plaintiff to meet only one of the two prongs to demonstrate demand futility, see Brehm v. Eisner, 746 A.2d 244, 255 (Del. 2000), Lewis states the rule in the conjunctive, see 838 S.W.2d at 222 (using the word “and” instead of “or”), appearing to require a plaintiff to meet the requirements of both prongs. The only Tennessee case Lukas cites in support of a disjunctive test applies Delaware law to a Delaware corporation. See In re Healthways, Inc. Derivative Litig., No. M2009-02623-COA-R3-CV, 2011 WL 882448, at *3 (Tenn.Ct.App. Mar. 14, 2011). On the other hand, at least one Tennessee appellate court has quoted the conjunctive test from Lewis. See Humphreys, 1999 WL 553715, at *6. We have done so as well. See McCarthy v. Middle Tenn. Elec. Membership Corp., 466 F.3d 399, 410 (6th Cir.2006). Another Tennessee appellate court appears to have adopted only the first prong of the test, disinterest and independence. See Memphis Health Ctn, 2006 WL 2088407, at *10 (stating that in demand-futility cases “the court examines the interest and independence of the corporate decision-makers”). We do not need to decide between the Humphreys and Memphis Health Center versions of the test, because both require the plaintiff to demonstrate a majority of the board to be interested and not independent, a requirement Lukas fails to meet.
The district court did not err in its disinterest-and-independence analysis. At best, Lukas’s allegations make out what the district court already acknowledged: that Boruffs disinterest and independence may have been compromised. However, Lukas does not allege any specifics regarding other board members and does not cite any Tennessee authority supporting his contention that board members’ exposure to potential liability via allegations consist *641 ing primarily of nonfeasance—as opposed to malfeasance—should suffice to demonstrate a reasonable doubt as to independence and disinterest. See also In re Healthways, 2011 WL 882448, at *4 (“[W]e will not excuse demand if the complaint states claims that arise solely out of the duty of care, but may excuse demand where there are particularized allegations that the directors breached their duties of loyalty or good faith.”).
Lukas points out that in Memphis Health Center, the court found the allegation that “Defendants have a direct interest in continuing to breach their fiduciary duty and violate the Bylaws and federal rules and regulations” sufficiently established a reasonable doubt as to independence and disinterest, so as to enable the complaint to survive a motion to dismiss. See 2006 WL 2088407, at *10. However, the complaint in that case identified a laundry list of specific and ongoing violations by specific board members, against whom the plaintiff sought an injunction to prevent future violations. See id. at *2. In this case, Lukas’s allegations vis-a-vis the majority of the board are general: that they failed to prevent misconduct by Bo-ruff and maintained inadequate corporate controls. Because Lukas’s allegations are not sufficiently particularized as to most of the Board, he fails to satisfy the requirements for excusing demand.
III.
For these reasons, we affirm the judgment of the district court.