NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0108n.06

Nos. 21-3559 and 21-3572

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>Case 21-3559</td><td></td><td rowspan="2"><strong>FILED</strong><br>Mar 08, 2022<br>DEBORAH S. HUNT, Clerk</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>BERT STIDHAM; CAROL STIDHAM,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Plaintiffs-Appellants,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    v.</td><td>)</td><td>ON APPEAL FROM THE</td></tr>
<tr><td></td><td>)</td><td>UNITED STATES DISTRICT</td></tr>
<tr><td>ABUBAKAR ATIQ DURRANI, MD; CENTER</td><td>)</td><td>COURT FOR THE SOUTHERN</td></tr>
<tr><td>FOR ADVANCED SPINE TECHNOLOGIES,</td><td>)</td><td>DISTRICT OF OHIO</td></tr>
<tr><td>INC.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Defendants-Appellees.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

<table>
<tr><td>Case 21-3572</td><td></td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>DEBORAH STURDIVANT; ROGER</td><td>)</td><td></td></tr>
<tr><td>STURDIVANT,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Plaintiffs-Appellants,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE</td></tr>
<tr><td>    v.</td><td>)</td><td>UNITED STATES DISTRICT</td></tr>
<tr><td></td><td>)</td><td>COURT FOR THE SOUTHERN</td></tr>
<tr><td>ABUBAKAR ATIQ DURRANI, MD; CENTER</td><td>)</td><td>DISTRICT OF OHIO</td></tr>
<tr><td>FOR ADVANCED SPINE TECHNOLOGIES,</td><td>)</td><td></td></tr>
<tr><td>INC.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>    Defendants-Appellees.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

Before: MOORE, ROGERS, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Because these two cases involve identical legal issues and similar facts, we consider them together. Plaintiffs-Appellants, Bert and Carol Stidham and Deborah and Roger Sturdivant, appeal the district court's grant of judgment on the pleadings

to Defendants-Appellees, Dr. Abubakar Atiq Durrani and the Center for Advanced Spine Technologies (CAST), in these medical-malpractice actions. The district court concluded that the Stidhams' and Sturdivants' claims of fraud and negligent hiring, retention, and supervision are medical claims and, thus, are barred by Ohio's four-year medical-malpractice statute of repose. The district court also declined to apply a fraud exception to the statute of repose. We AFFIRM.

**I.**

Bert Stidham was involved in a car accident in January 2009, which left him with cervical-spine pain that radiated down his arms and shoulders. His primary-care physician referred him to Dr. Durrani, who told Stidham that he needed back surgery. Durrani performed the surgery on February 4, 2009. Afterward, Stidham began to have constant neck pain and stiffness. Durrani assured him that he was fine and to give it time. Stidham complains of continued neck spasms, loss of flexibility in his cervical spine and shoulders, and constant pain.

Deborah Sturdivant was referred to Durrani in August 2009 because she was experiencing severe lower-back pain that radiated down the front of her leg. Durrani told her that she needed back surgery, and he performed the surgery on September 4, 2009. After the surgery, Sturdivant complained of pain. Durrani told her to give it time and the pain would go away. Sturdivant consulted another doctor, who informed her that she may need another surgery to replace the screws that Durrani inserted into her spine.

On August 7, 2013, a federal grand jury charged Durrani with health-care fraud and making false statements in health-care matters. In December 2013, Durrani fled to Pakistan and has not returned to the United States since.

The Stidhams and Sturdivants filed separate suits in federal district court on November 19, 2018,[1] alleging that the surgeries performed by Durrani were medically unnecessary, improperly performed, and caused them harm, and that CAST, Durrani's company, knew that Durrani routinely performed unnecessary surgeries and used substandard surgical techniques. In their complaints, as relevant here, the Stidhams and Sturdivants asserted claims of fraud against Durrani and CAST and claims of negligent hiring, retention, and supervision against CAST.[2] The Stidhams and Sturdivants also asserted that they are entitled to a fraud exception to Ohio's four-year medical-malpractice statute of repose.

Durrani and CAST filed answers and then moved for judgment on the pleadings. The district court concluded that the acts giving rise to the Stidhams' and Sturdivants' claims are the surgeries performed by Durrani in 2009, which occurred more than four years before the actions were filed, and because all the asserted claims are medical in nature, the actions are subject to Ohio's four-year statute of repose and are time-barred. The district court also noted that the statute of repose could not be tolled based on Durrani's flight from Ohio because he absconded more than four years after the surgeries were performed. It also declined to equitably except the fraud claims from the statute of repose, reasoning that the Ohio General Assembly did not intend for there to be such an exception.

The district court granted Durrani and CAST's motions and dismissed the two actions. The Stidhams and Sturdivants timely appealed.

---

[1] The Stidhams and Sturdivants originally filed the actions in state court on August 15, 2016, but then voluntarily dismissed them.

[2] The Stidhams also asserted a negligent-credentialing claim against The Christ Hospital, but the hospital has been dismissed as a party to the appeal, so we will not consider this claim.

**II.**

We review the grant of judgment on the pleadings de novo under the same standard as for a motion to dismiss. *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). Thus, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true," but we need not accept legal conclusions and unwarranted factual inferences. *Id.*; *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007). A motion for judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment as a matter of law, as is the case when a plaintiff fails to plead "sufficient factual matter to render [a] legal claim plausible" or "when the allegations in the complaint affirmatively show that [a] claim is time-barred[.]" *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (internal quotation marks omitted); *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016) (internal quotation marks omitted).

**III.**

The Stidhams and Sturdivants argue that (1) the district court erred in concluding that their claims of negligent hiring, retention, and supervision are medical claims subject to Ohio's medical-malpractice statute of repose; (2) the district court erred in concluding that their fraud claims are medical claims subject to the statute of repose; and (3) the district court erred in not recognizing a fraud exception to the statute of repose.

Ohio's medical-malpractice statute of repose bars any action "commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical . . . claim." Ohio Rev. Code Ann. § 2305.113(C). A "[m]edical claim" is "any claim that is asserted in any civil action . . . that arises out of the medical diagnosis, care, or treatment of any person[,]" including "[d]erivative claims for relief . . . ." *Id.* § 2305.113(E)(3). "Claims that arise out of the

medical diagnosis, care, or treatment of any person" are claims that either "result[] from acts or omissions in providing medical care" or "result[] from the hiring, training, supervision, retention, or termination of caregivers providing [a] medical diagnosis, care, or treatment." *Id.* § 2305.113(E)(3)(c). More than four years have passed since Durrani operated on Stidham and Sturdivant. Thus, whether the Stidhams and Sturdivants can pursue their claims of fraud and negligent hiring, retention, and supervision depends on whether these claims are medical in nature. They are and therefore are barred.

**A.**

Under the plain language of § 2305.113, a claim that "results from the hiring . . . supervision, [or] retention" of a medical caregiver is a "medical claim" subject to Ohio's statute of repose. It is not surprising, then, that the Ohio Court of Appeals has consistently held that claims like the ones the Stidhams and Sturdivants assert here are medical claims. *See, e.g.*, *McNeal v. Durrani*, 138 N.E.3d 1231, 1237 (Ohio Ct. App. 2019), *rev'd on other grounds, sub nom. Scott v. Durrani*, 165 N.E.3d 1268 (Ohio 2020) (mem.); *Wilson v. Durrani*, 145 N.E.3d 1071, 1077 (Ohio Ct. App. 2019), *rev'd on other grounds*, 173 N.E.3d 448 (Ohio 2020); *Young v. Durrani*, 61 N.E.3d 34, 41 (Ohio Ct. App. 2016), *appeal not accepted*, 74 N.E.3d 464 (Ohio 2017) (table); *see also Levandofsky v. Durrani*, No. 20-4104, 2021 WL 5710122, at *3 (6th Cir. Dec. 2, 2021) (concluding the same).[3]

---

[3] As we have recognized, when the Ohio Supreme Court has not directly addressed the issues presented in a case, we "must consider any available precedent from the state appellate courts, whether published or unpublished." *Levandofsky*, 2021 WL 5710122, at *4 (quoting *Lukas v. McPeak*, 730 F.3d 635, 638 (6th Cir. 2013)). And state-appellate-court decisions are "authoritative absent a *strong showing* that the [state supreme court] would decide the issue differently." *Id.* (quoting *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, 898 F.3d 710, 715 (6th Cir. 2018)). Because the Ohio Supreme Court has repeatedly declined to hear appeals from cases involving Durrani, we have no reason to conclude that the Ohio Supreme Court would decide the issue differently. *Id.*; *see also Luse v. Durrani*, No. 21-3560, 2022 WL 94609, at *2 n.2 (6th Cir. Jan. 10, 2022) (noting the same).

The Stidhams and Sturdivants argue that these decisions conflict with two Ohio Supreme Court cases. We are not persuaded. Although *Browning v. Burt*, 613 N.E.2d 993 (Ohio 1993), held that a negligent-credentialing claim was a non-medical claim, it was decided before the Ohio General Assembly more broadly defined "medical claim" to specifically include claims resulting from the hiring, supervision, or retention of caregivers, like Durrani, who provide medical diagnosis, care, or treatment. *Browning* is therefore not controlling. *See Couch v. Durrani*, No. C-190703, 2021 WL 942849, at *2 (Ohio Ct. App. Mar. 12, 2021) (explaining that the General Assembly expanded the definition of "medical claim" to supersede *Browning*), *appeal not accepted*, 172 N.E.3d 1048 (Ohio 2021) (table); *see also id.* at *4 (explaining that "caregiver" encompasses licensed physicians who, by law, are the only ones allowed to diagnose medical conditions and prescribe courses of treatment). The second case, *Evans v. Akron Gen. Med. Ctr.*, 170 N.E.3d 1 (Ohio 2020), addressed a claim of negligent hiring, supervision, or retention made in relation to an alleged sexual battery by a physician, which is inapposite to this case, which involves a physician providing a medical diagnosis, care, or treatment (e.g., performing surgery). *See Couch*, 2021 WL 942849, at *3 (concluding the same with respect to a claim of negligent credentialing).

In sum, the Stidhams' and Sturdivants' claims of negligent hiring, retention, and supervision are medical claims and, thus, are subject to Ohio's statute of repose and are time-barred.

**B.**

The Ohio Supreme Court has recognized that a fraud claim may be considered separate and distinct from a medical-malpractice claim, but only if "the decision to misstate the facts" was not "motivated by any medical consideration." *Gaines v. Preterm-Cleveland, Inc.*, 514 N.E.2d

709, 713 (Ohio 1987). This was the case when a plaintiff was told that her intrauterine device (IUD) "had been removed when in fact it had not," and she detrimentally relied on this statement by not seeking further medical attention to remove the IUD, causing her to suffer significant gynecological problems approximately three years later when the IUD perforated her uterus. *Id.* at 712–13. *Gaines* makes clear that it applies only to claims involving injuries caused by reasonably relying on statements that "cannot be characterized as medical in nature," as when a physician decides to state that a procedure has been performed when it has not.[4] *Id.* at 713; *cf.* *Hensley v. Durrani*, No. C-130005, 2013 WL 5777076, at *5 (Ohio Ct. App. Oct. 25, 2013) ("Here, Ms. Hensley's allegations go squarely to her diagnosis, care and treatment . . . [in that] she alleges that Dr. Durrani committed fraud by recommending unnecessary surgery . . . ."), *appeal not accepted*, 4 N.E.3d 1051 (Ohio 2014) (table). Importantly, the *Gaines* court separately addressed a claim concerning injuries arising from the surgery itself, which the court treated as medical in nature and subject to the statute of repose but held was not barred because of a constitutional concern not present in this case. *See Gaines*, 514 N.W.2d at 713–17.

Here, the Stidhams and Sturdivants do not allege separate and distinct injuries caused by reasonably relying on statements by Durrani or CAST that a procedure had been performed when in fact it had not. Instead, they allege that their injuries arose solely as a result of statements made by Durrani and CAST to fraudulently induce them to undergo surgery in the first place. But such statements do not fall within the exception carved out by *Gaines*, nor can they be said to be unmotivated by any medical consideration whatsoever given that even if the statements were falsely made, they were made in relation to a medical diagnosis and a proposed course of treatment.

---

[4] We permitted a similar claim to go forward where the complaint alleged that a dentist told the patient that a root canal had been completed ten years earlier when the dentist was fully aware that it had not been. *Newberry v. Silverman*, 789 F.3d 636, 644–45 (6th Cir. 2015) (assuming that the fraud claim could be alleged with the requisite particularity).

*See Freeman v. Durrani*, 144 N.E.3d 1067, 1071–72 (Ohio Ct. App. 2019) (reaffirming that claims of fraud for recommending unnecessary surgery are medical in nature), *appeal not accepted*, 141 N.E.3d 250 (Ohio 2020) (table); *Janson v. Christ Hospital, Inc.*, No. C-200047, 2021 WL 1657633, at *7 (Ohio Ct. App. April 28, 2021) (collecting Durrani cases that have considered the question, all of which concluded the same), *appeal not accepted*, 175 N.E.3d 577 (Ohio 2021) (table); *see also Levandofsky*, 2021 WL 5710122, at *3 (noting that "[c]lever pleading cannot transform what are in essence medical claims into claims for fraud" (quoting *Hensley*, 2013 WL 5777076, at *5)); *Luse v. Durrani*, No. 21-3560, 2022 WL 94609, at *2 (6th Cir. Jan. 10, 2022) (recognizing that the Ohio Court of Appeals has "consistently rejected similar attempts [in cases involving Durrani] to recast medical malpractice claims as fraud claims" merely by alleging that misrepresentations induced a plaintiff to undergo surgery and an insurance company to pay for it).

Moreover, the alleged conduct underlying the Stidhams' and Sturdivants' fraud claims "cannot be separated from the virtually identical alleged conduct underlying [their] negligence claim[s]," which further indicates that their fraud claims are medical in nature. *Schmitz v. Nat'l Collegiate Athletic Ass'n*, 122 N.E.3d 80, 90 (Ohio 2018). In sum, the Stidhams' and Sturdivants' fraud claims are medical claims and, thus, are subject to Ohio's statute of repose and are time-barred as well.

We also decline the Stidhams' and Sturdivants' invitation to create a fraud exception to the statute of repose. As we stated in *Luse*, the Ohio General Assembly "carved out specific exceptions within [§] 2305.113, none of which include fraudulent conduct" or equitable estoppel. 2022 WL 94609, at *2 (quoting *Freeman*, 144 N.E.3d at 1071). Thus, we have "no basis to conclude that the Ohio courts would create" a fraud exception, especially given that the Ohio Supreme Court "has repeatedly emphasized that the statute of repose should be interpreted according to [the plain

-8-

language of] its text" and that Ohio courts have consistently "declined to create a fraud exception in Durrani cases." *Levandofsky*, 2021 WL 5710122, at \*4 (collecting cases).

\* \* \*

For the foregoing reasons, we AFFIRM.